IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN SCHNEIDER,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | CASE NO. 1:10-cr-00361-LJO<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 70) |

## I. INTRODUCTION

Nicole Jean Schneider ("Ms. Schneider") is a prisoner in federal custody proceeding pro se. Now before the Court is her 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. She raises seven ineffective assistance of counsel claims, two due process claims, and challenges the admissibility of a videotape. The government opposes her claims. For the reasons discussed below, this Court DENIES Ms. Schneider's motion, in part, and ORDERS further briefing from the government.

## II. BACKGROUND

On October 7, 2010, Ms. Schneider was indicted for the sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (b). (Doc. 13). She entered into a plea agreement with the government in which she agreed to plead guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). (Doc. 39). She also agreed to waive her right to appeal "her plea, conviction, restitution imposed or her sentence" on any ground (Doc. 39, p. 3). She further promised "not to contest

her plea, conviction, restitution imposed or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241." (Doc. 39, p. 3). The parties agreed that the applicable guidelines' range was 210-262 months imprisonment but that a reasonable sentence for Ms. Schneider was the mandatory minimum of 180-months imprisonment. (Doc. 39, p. 5, 8-9).

On September 23, 2011, Ms. Schneider pled guilty to sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a). (Doc. 72, p. 7-8). On December 19, 2011, she was sentenced to 180-months imprisonment. (Doc. 69, p. 23). The judgment was entered on January 10, 2012. (Doc. 65).

On August 15, 2012, Ms. Schneider placed the instant § 2255 motion in the prison mailing system. (Doc. 70). She raises seven ineffective assistance of counsel claims, two due process claims, and challenges the admissibility of a videotape. With regard to her ineffective assistance of counsel claims, she contends that her counsel was ineffective because he refused to file an appeal (ground one), refused to communicate with her during the proceedings (ground two), refused to acknowledge her psychiatric profile (ground three), failed to object to the admission of a video and the evidence used to acquire the search warrant (ground seven), ignored her request for a jury trial (ground eight), coerced her into signing the plea agreement (ground nine), and previously worked as a prosecutor (ground ten). She asserts that her due process rights were violated in connection with the search warrant because the evidence used to secure the warrant was stolen (ground four). She further contends that her due process rights were violated when she was charged with the production of child pornography because she did not produce child pornography (ground six). Finally, she contends that the videotape of her engaging in unlawful acts was inadmissible (ground five). The government was ordered to file an opposition to Ms. Schneider's motion (Doc. 71), to which it complied (Doc. 73).

### III. DISCUSSION

The government contends that nine of Ms. Schneider's ten claims are barred by the § 2255 waiver in the plea agreement. For the reasons discussed below, the Court finds that seven of Ms. Schneider's claims are barred by the waiver but that two of her claims cannot be barred because they relate to the validity of her guilty plea and waiver. The Court further finds that one of Ms. Schneider's claims exceeds the scope of the waiver.

A defendant may waive the statutory right to file a § 2255 motion. *United States v. Abarca*, 985

2

F.2d 1012, 1014 (9th Cir. 1993). Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). A § 2255 waiver cannot bar an ineffective assistance of counsel claim that relates to the validity of the waiver itself. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (collateral attack waiver unenforceable with respect to an ineffective assistance of counsel claim that challenged the voluntariness of the waiver); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). However, an ineffective assistance of counsel claim unrelated to the validity of the waiver or plea is waivable. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that an ineffective assistance of counsel claim survives a collateral attack waiver only when the claimed ineffective assistance directly affected the validity of the waiver or plea itself).

**A. Claims that Relate to the Validity of the Guilty Plea and Waiver (Grounds 8 & 9)**

Grounds eight and nine of Ms. Schneider's motion relate to the validity of her guilty plea and waiver thus, they cannot be barred by the waiver and the Court will analyze the merits of these claims. *See Washington*, 422 F.3d at 871; *see also Pruitt*, 32 F.3d at 433. Ms. Schneider contends that she received ineffective assistance of counsel when counsel ignored her request for a jury trial (ground eight) and coerced her into signing the plea agreement (ground nine). She alleges that counsel told her that trial was not an option and that she had no choice but to accept the offer presented. She further alleges that counsel knew that she did not fully understand her rights due to her borderline personality disorder but used her disability to coerce her into signing the agreement.

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness."

*Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Even if counsel told Ms. Schneider that she could not go to trial and had to accept the government's offer, Ms. Schneider is unable to establish prejudice because her trial rights were clearly outlined in the plea agreement and explained to her at the plea hearing. The plea agreement provides that "[i]f defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial." (Doc. 39, p. 10). The agreement further provides that plaintiff would be presumed innocent until proven guilty beyond a reasonable doubt. (Doc. 39, p. 11). The agreement also explains Ms. Schneider's right to confrontation, to present witnesses and evidence on her own behalf, the right to counsel, and the privilege against self-incrimination. (*Id*.). In addition, the agreement states: "[d]efendant understands that by pleading guilty she is waiving all of the [trial] rights set forth above and defendant's attorney has explained those rights to her and the consequences of her waiver of those rights." (Doc. 39, p. 12). The agreement further provides, "[t]his plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement." (*Id*.). At the plea hearing, Ms. Schneider acknowledged reading the plea agreement and confirmed that her questions about the agreement were answered by her counsel to her satisfaction. (Doc. 72, p. 3-4).

Ms. Schneider's right to proceed to trial was also explained to her by the Court at the plea

4

hearing. During the plea hearing the Court stated, "[a]s you stand there right now, do you understand that you do have a choice? You do not have to plead guilty. You can continue to plead not guilty if you want?" (Doc. 72, p. 5). Ms. Schneider responded, "I understand." (*Id*.). The Court then explained Ms. Schneider's right to proceed to trial, her right to counsel, and her confrontation rights. (Doc. 72, p. 5-6). The Court confirmed that Ms. Schneider understood her rights and stated "[d]o you wish to give [up your rights]? Because if you plead guilty, you do give them up." (Doc. 72, p. 6). Ms. Schneider confirmed that she wished to give up her rights and that no one forced or threatened her to get her to plead guilty. (*Id*.). Thus, even if counsel told Ms. Schneider that she could not to go trial and had to accept the government's offer, Ms. Schneider has failed to show a reasonable probability that but for counsel's error the result of the proceeding would have been different because Ms. Schneider was fully informed of her trial rights via the plea agreement and by the Court.

Ms. Schneider's contention that her borderline personality disorder prevented her from fully understanding her rights is unpersuasive. A psychological evaluation was prepared at defense counsel's request and presented to the Court at sentencing. The report makes no mention of a decreased ability on Ms. Schneider's part to understand her rights or the nature and consequences of her actions. Thus, Ms. Schneider has failed to show that she received ineffective assistance of counsel when she entered into the plea agreement.

**B. Claim that Exceeds the Scope of the Waiver (Ground 1)**

In ground one, Ms. Schneider contends that she received ineffective assistance of counsel when counsel ignored her request to file an appeal. This claim is not barred by the § 2255 waiver because it exceeds the scope of the waiver.

Courts will enforce a § 2255 waiver if the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion. *Nunez*, 223 F.3d at 958. The waiver at issue here states, "[t]he defendant . . . agrees not to contest her plea, conviction, restitution imposed or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241." (Doc. 39, p. 3). Ms. Schneider's claim that she received ineffective assistance of counsel when counsel ignored her request to file an appeal exceeds the scope of the waiver because it does not constitute a challenge to the plea, conviction, restitution imposed, or sentence. Rather, the

claim challenges Ms. Schneider's inability to file an appeal. Therefore, Ms. Schneider's first ground for relief is not barred by the § 2255 waiver and the Court will analyze the merits of this claim.

Ms. Schneider argues that she received ineffective assistance of counsel when counsel ignored her request to file an appeal. An attorney's failure to file an appeal where there is clear instruction by the defendant to do so establishes deficient performance and prejudice regardless if there is a valid appeal waiver. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005). The law provides that "'a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.'" *Id*. (*quoting Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). "The prejudice . . . is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal." *Sandoval-Lopez*, 409 F.3d at 1197. Thus, a valid appeal waiver does not prevent a movant from establishing prejudice. The Ninth Circuit acknowledges that this result is counter-intuitive, *id*. at 1197, but it is the law nonetheless. Accordingly, given that Ms. Schneider alleges that counsel ignored her request to file an appeal, the record does not conclusively establish that Ms. Schneider is not entitled to relief with regard to this claim.

Pursuant to *Sandoval-Lopez*, this leaves the government with two options. The government can continue to oppose Ms. Schneider's claim and the Court will hold an evidentiary hearing to determine whether Ms. Schneider's allegation, that counsel ignored her request to file an appeal, is true. *Id*. at 1198. If her allegation is true then the Court will vacate and reenter the judgment so Ms. Schneider can file a timely notice of appeal. *Id*. If Ms. Schneider's allegation is not true, she is not entitled to any further relief. *Id*. Alternatively, the government can choose not to oppose Ms. Schneider's motion and let her appeal. *Id*. If the government chooses this option the Court will vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that Ms. Schneider's claim is true. *Id*.

The government is ORDERED to inform the Court how it would like to proceed within twenty (20) days of the filing date of this order.

**C. Claims Barred By the Waiver (Grounds 2-7, and 10)**

Ms. Schneider's remaining seven claims are barred by the § 2255 waiver because (1) her claims fall within the scope of the waiver and (2) the waiver was knowingly and voluntarily made. *Nunez*, 223

6

F.3d at 958.

**1. Scope of Waiver**

Under the plain language of the plea agreement, Ms. Schneider waived her right to attack her plea, conviction, and sentence in a § 2255 motion. (Doc. 39, p. 3). Ms. Schneider contends that she received ineffective assistance of counsel because counsel refused to communicate with her during the proceedings (ground two), refused to acknowledge her psychiatric profile (ground three), failed to object to the admission of a video and the evidence used to acquire the search warrant (ground seven), and previously worked as a prosecutor (ground ten). She asserts that her due process rights were violated because the evidence used to secure the search warrant was stolen (ground four). She further contends that her due process rights were violated when she was charged with the production of child pornography because she did not produce child pornography (ground six). Finally, she contends that the videotape of her engaging in unlawful acts was inadmissible (ground five). Each of these contentions relate to the fundamental fairness of the proceedings and thus, constitute an attack on her plea, conviction, or sentence. Therefore, the language of the waiver encompasses Ms. Schneider's right to file a § 2255 motion on grounds two through seven and ground ten.

In addition, the government fulfilled its promises under the agreement. The government agreed that a reasonable sentence for Ms. Schneider would be 180-months imprisonment (Doc. 39, p. 8-9) and submitted on the plea agreement at sentencing (Doc. 69, p. 22). The government further agreed to dismiss count four of the indictment (Doc. 39, p. 9) which it did at the sentencing hearing (Doc. 69, p. 24-25).

**2. Knowing and Voluntariness of the Waiver**

In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [FED. R. CRIM. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

The facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that the waiver was knowingly and voluntarily made. Ms. Schneider's signed plea agreement provides, "the defendant knowingly and voluntarily waives her

Constitutional and statutory rights to . . . contest her plea, conviction, restitution imposed or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or § 2241." (Doc. 39, p. 3). The agreement further provides, "[t]he defendant . . . acknowledges that her plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty." (*Id*.). Toward the end of the agreement, Ms. Schneider again acknowledged that her plea was "freely and voluntarily made and not the result of force or threats or promises apart from those set forth in [the] plea agreement." (Doc. 39, p. 12).

At the plea hearing, Ms. Schneider confirmed, twice, that she understood that she was waiving her right to appeal. (Doc. 72, p. 5, 6). She also confirmed that she understood that she did not have to plead guilty and could continue to plead not guilty. (*Id*.). Ms. Schneider further confirmed that no one forced or threatened her so that she would plead guilty. (Doc. 72, p. 6). The facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that Ms. Schneider knowingly and voluntarily waived her right to contest her plea, conviction, and sentence in any post-conviction proceeding. Thus, Ms. Schneider's ineffective assistance of counsel claims based on her allegations that counsel refused to communicate with her during the proceedings (ground two), refused to acknowledge her psychiatric profile (ground three), failed to object to the admission of a video and the evidence used to acquire the search warrant (ground seven), and previously worked as a prosecutor are barred by the § 2255 waiver (ground ten). Likewise, Ms. Schneider's due process arguments (grounds four and six) and her arguments associated with the admissibility of the video, are barred by the § 2255 waiver as well (ground five).

**3. Procedural Default**

Even if Ms. Schneider's claims were not barred by the § 2255 waiver, she has procedurally defaulted her due process contentions (grounds four and six) and her arguments associated with the admissibility of the video (ground five).[1]

---

[1] The government contends that Ms. Schneider also procedurally defaulted her ineffective assistance of counsel claims. The Court rejects this contention because "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).

A § 2255 movant may procedurally default on her claim by failing to raise it on direct review. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007). When this occurs the claim may be raised in a § 2255 motion only if the movant can first demonstrate cause and prejudice or that she is actually innocent. *Id*.

To establish cause a movant must show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Bousley*, 523 U.S. at 622-23 (applying *Carrier* standard to § 2255 motion). A movant may establish cause by showing that her

> claim rests upon a new legal or factual basis that was unavailable at the time of direct appeal, or where "interference by officials" may have prevented the claim from being brought earlier. [*Carrier*, 477 U.S. at 488]. If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." [*United States v. Frady*, 456 U.S. 152, 170 (1982).]

*Braswell*, 501, F.3d at 1150 (emphasis in original).

Here, Ms. Schneider has presented no evidence to show that some external factor impeded her ability to raise her due process contentions and her arguments associated with the admissibility of the video on direct appeal. Her arguments that her due process rights were violated when the government used stolen evidence to secure the search warrant and when she was charged with the production of child pornography because she did not actually produce child pornography, are not based on legal theories or factual bases unavailable at the time of direct appeal. The same can be said for her argument that the video of her engaged in unlawful acts was inadmissible. Accordingly, Ms. Schneider has failed to establish cause and thus, cannot overcome the procedural bar.

Finally, Ms. Schneider does not argue "actual innocence,"[2] entered a knowing and voluntary

---

[2] The Court acknowledges that in ground six, Ms. Schneider contends that she was charged with the production of child pornography but she did not actually produce child pornography. She explains that although she "may have been recorded engaging in one unlawful act" that does not show that she held the camera, recorded, edited, or participated in any other part of the production process. This does not constitute an actual innocence claim because Ms. Schneider pled guilty to sexual exploitation of a minor, 18 U.S.C. § 2251(a), which does not require the defendant to be involved in the actual production process. *See* 18 U.S.C. § 2251(a) (prohibiting any person from using a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct).

9

guilty plea to the crime, and acknowledges her participation in the crime in her § 2255 motion. Therefore, Ms. Schneider's claims are not saved by the actual innocence exception to the procedural bar. Hence, even if Ms. Schneider's claims were not barred by the § 2255 waiver in her plea agreement, her due process contentions and her arguments associated with the admissibility of the video would be procedurally defaulted.

**4. Merits of Remaining Ineffective Assistance of Counsel Claims**

Even if Ms. Schneider's remaining ineffective assistance of counsel claims were not barred by the § 2255 waiver, her claims would fail on the merits.

In ground two, Ms. Schneider contends that she received ineffective assistance of counsel when counsel refused to communicate with her during the proceedings. This contention is belied by the record. At the plea hearing, Ms. Schneider confirmed that she reviewed the entire plea agreement with counsel and that he satisfactorily answered her questions. (Doc. 72, p. 3-4). At sentencing, she confirmed that she reviewed the presentence report with her attorney and that she did not have any questions about it. (Doc. 69, p. 18). Accordingly, the record shows that counsel communicated with Ms. Schneider throughout the proceedings.

In ground three, Ms. Schneider asserts that counsel was ineffective when he refused to present evidence of her borderline personality disorder. At sentencing, counsel presented the Court with a full psychological evaluation of Ms. Schneider. Thus, Ms. Schneider has failed to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88.

In ground seven, Ms. Schneider argues that she received ineffective assistance of counsel when counsel failed to object to the admission of the video used to obtain the search warrant. Ms. Schneider's conviction is the result of a guilty plea. Thus, no evidence was admitted against her so there was nothing for counsel to object to.

Finally, in ground ten, Ms. Schneider contends that counsel was ineffective because he previously worked as a prosecutor. Even if counsel previously worked as a prosecutor, his mere status as a former prosecutor does not show that his "representation fell below an objective standard of reasonableness."

*Id*. Accordingly, even if Ms. Schneider's remaining ineffective assistance of counsel claims were not barred by the § 2255 waiver, her claims would fail on the merits.

## IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Ms. Schneider's § 2255 motion to vacate, set aside, or correct sentence, in part, and

2. ORDERS the government to inform the Court how it would like to proceed with regard to ground one, pursuant to *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005). The government SHALL file its position within twenty (20) calendar days of the filing date of this order.

IT IS SO ORDERED.

**Dated:   November 14, 2012**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE