**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE JEAN SCHNEIDER, | CASE NO. 1:10-cr-00361-LJO |
| Movant, | **ORDER DISMISSING CASE FOR FAILURE TO RESPOND TO COURT ORDER** (Docs. 70, 81) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On November 14, 2012, this Court issued an order that denied most of the claims raised by Nicole Jean Schneider ("Ms. Schneider") in her 28 U.S.C. § 2255 motion except for the claim that she received ineffective assistance of counsel when counsel ignored her request to file an appeal (ground one). (Doc. 75). Shortly thereafter, this Court ordered Ms. Schneider's former counsel to file a declaration in response to Ms. Schneider's allegations. (Doc. 77). The Court also ordered Ms. Schneider to respond to counsel's declaration. (*Id*.).

Counsel's declaration provides that while reviewing the plea agreement, Ms. Schneider advised counsel that she did not wish to file an appeal. (Doc. 79). The declaration further provides that counsel's last contact with Ms. Schneider was at the sentencing hearing, and that since then she has not contacted him regarding her interest in filing an appeal. (*Id*.). Ms. Schneider did not respond to counsel's declaration.

Given the strain on the Court's docket, this Court ordered Ms. Schneider to show cause why this case should not be dismissed for her failure to comply with this Court's order requesting her to respond to her former counsel's declaration. (Doc. 81). In the order to show cause, Ms. Schneider was admonished that if she did not respond to the order in a timely fashion that her case would be dismissed. (*Id*.). The time for responding to the order to show cause has passed and Ms. Schneider did not respond.

"District courts have the inherent power to control their dockets and in the exercise of that power

1

they may impose sanctions including, where appropriate, dismissal of a case." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A Court may dismiss an action with prejudice based on a party's failure to obey a court order. *See e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for failure to obey a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the first and second factors favor dismissal because this matter has been pending since August 2012 and Judges in the Eastern District of California carry the heaviest caseload in the nation. With regard to the third factor, there is a risk of prejudice to respondents because without Ms. Schneider's response it is unclear as to whether an evidentiary hearing is necessary in this case. *See id*. ("To prove prejudice, a [respondent] must establish that [movant's] actions impaired [respondent's] ability to proceed to trial or threatened to interfere with the rightful decision of the case."). Finally, the fourth factor, which considers the availability of less drastic measures, also supports dismissal because Ms. Schneider was warned in the order to show cause that if she did not respond in a timely manner that her case would be dismissed. (Doc. 81). *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (recognizing "that a judge's warning to a party that a future failure to obey a court order will result in default judgment can itself suffice to meet the 'consideration of alternatives' requirement"). Because Ms. Schneider failed to comply with this Court's order requesting her to respond to her former counsel's declaration and failed to respond to the order to show cause, the balance of factors favors dismissal in this case. *See Pagtalunan*, 291 F.3d at 643.

Accordingly, this Court DISMISSES the remaining issue in Ms. Schneider's § 2255 motion and DIRECTS the clerk to close case no. 1:12-cv-01371-LJO.

IT IS SO ORDERED.

**Dated:   March 15, 2013            /s/  Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE