UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>NICOLE JEAN SCHNEIDER,<br><br>    Defendant-Petitioner. | 1:10-cr-361-LJO-2<br><br>ORDER CONSTRUING PENDING MOTION AS ONE BROUGHT UNDER 28 U.S.C. § 2255; DISMISSING THE MOTION; AND DENYING A CERTIFICATE OF APPEALABILITY<br>(Doc. 85) |

Defendant-Petitioner Nicole Jean Schneider ("Petitioner"), a prisoner in federal custody proceeding pro se, filed a motion entitled "Motion for Modification or Reduction of Sentence under 3582(c)(2), based upon supervised release." Doc. 85. The Court docketed it as a motion under 18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)"). *Id.*

Section 3582(c)(2) provides that the Court may reduce an inmate's sentence if, among other things, that inmate "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." Petitioner does not indicate that any applicable sentencing range has been lowered, and the Court cannot find any. Section 3582(c)(2) therefore does not apply here.

"A person in custody may seek relief pursuant to 28 U.S.C. § 2255 [("§ 2255")]," which permits the Court to vacate, set aside or correct a criminal sentence. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). "As a general rule, § 2255 is the exclusive procedural mechanism for a federal prisoner to challenge the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Supervised release constitutes "custody." *Id.* As such, conditions of supervised release may be challenged under § 2255. *See United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) ("Congress . . . limited the manner in which a defendant may challenge the legality of a supervised release condition

to . . . § 2255 habeas corpus relief"). Petitioner's motion therefore is properly characterized as a motion to reduce her sentence under § 2255.[1] *See Harrison*, 519 F.3d at 955.

Petitioner may not bring a second § 2255 motion unless she first obtains permission to do so from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h)(1)-(2); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir.2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). Petitioner has not done so. Thus, this Court lacks jurisdiction to consider the claims raised. *See Gage v. Chappell*, 793 F.3d 1159, 1164 (9th Cir. 2015) ("[B]efore a federal district court may entertain a second or successive petition, the appropriate circuit court must issue an order authorizing the district court to consider the petition."). Accordingly, Petitioner's motion is DISMISSED.

Petitioner cannot appeal the denial of her § 2255 motion unless she first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the Court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, Petitioner must show that reasonable jurists would find debatable (1) whether the Court was correct in its procedural ruling and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Section 2255(h) unambiguously provides that the Court has no jurisdiction over Petitioner's second § 2255 motion unless and until she obtains permission from the Ninth Circuit to file the motion. *See Ezell v. United States*, 778 F.3d 762, 764 (9th Cir. 2015). The Court therefore the Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable that the Court

---

[1] The Court notes that there are certain prerequisites that must be satisfied before the Court can re-characterize a pro se prisoner's pleadings as a *first* § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Those prerequisites are not applicable when the Court re-characterizes a pro se prisoner's pleadings as a *second* § 2255 motion. *See Westine v. Norwood*, No. CV 08-4766-R (JWJ), 2008 WL 4534280, at *3 (C.D. Cal. Oct. 7, 2008) ("[B]ecause petitioner has filed multiple § 2255 motions, the Court is not required to provide petitioner with notice and an opportunity to respond prior to recharacterizing his pro se petition as a § 2255 motion" (citing *Castro*, 540 U.S. at 377)).

lacks jurisdiction to consider Petitioner's second § 2255 motion.

For the foregoing reasons, the Court CONSTRUES Petitioner's motion as a successive § 2255 Motion; DISMISSES that motion; and DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **November 23, 2015**         **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE